

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

THOMAS SNIDER, et al.,

    PLAINTIFFS,

vs.

WILLIAM SHELNUTT, individually as
Chief of Security for Jefferson State
Community College; JUDY MERRITT,
Individually as President of Jefferson
State Community College;
R.L. DRENNEN, individually as Dean of
Business Operations for Jefferson State
Community College;

    DEFENDANTS.

Case No. 00-N-1745-S

### DEFENDANTS' MOTION TO DISMISS

    Dr. Judy Merritt, in her official and individual capacity, and Dr. Robert Drennen, in his official and individual capacity, Defendants in this action, submit, pursuant to Rule 12 of the Federal Rules of Civil Procedure, this Motion to Dismiss. As grounds for this Motion to Dismiss, these Defendants state as follows:

    1.    The Plaintiffs make claims against Merritt and Drennen

under 42 U.S.C. § 1983. The Plaintiffs claim that Defendants Merritt (President of the College) and Drennen (former Dean of Business Operations) violated their right to: 1) equal protection; and 2) privacy as "established by a penumbra of the first ten (10) amendments to the United State Constitution." (c. 3, 4, 5).

2. Defendants Merritt and Drennen assert that the actions taken by Defendants Merritt and Drennen in performing their respective duties as President and Dean of Business Operations, are discretionary functions performed in the scope of their duties as government officers of the College. As such, they are due to be dismissed from Plaintiffs' suit.

3. Defendants Merritt and Drennen assert that they enjoy qualified immunity and thus the claims against them in their individual capacity are due to be dismissed. "Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *Lassiter v. Alabama A & M University, Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 73 L.Ed.2d 396, ___, 102 S.Ct. 2727, ___ (1982) and citing *Siegert v. Gilley*, 500 U.S. 226, 231-33, 114 L.Ed.2d 277, ___, 111 S.Ct. 1789, ___ (1991)]. It provides a shield to officers performing the discretionary functions of their jobs from liability for damages, not injunctive relief,

arising out of questionably unconstitutional or statutorily prohibited conduct. *See D' Aguanno v. Gallagher*, 50 F.3d 877, 879 (11th Cir. 1995). Those aspects of the officer's job deemed to be purely "ministerial" or that lie outside the scope of the officer's discretionary job functions are not protected; but, where an officer is called upon to use his good judgment in the execution of his duties, he is protected from the burden of suits where his judgments were within the boundaries of then-defined constitutionally or statutorily permitted conduct. *See Harlow v. Fitzgerald*, 457 U.S. at 818, *Green v. Brantley*, 941 F.2d 1146, 1150 (11th Cir. 1991).

  4. "When state officials are sued in their individual capacities, the application of qualified immunity to their actions is the rule rather than the exception, and 'only in exceptional cases will government actors have no shield against claims made against them in their individual capacities.'" *Brady v. Florida Dept. of Labor and Employment Security*, 133 F.3d 797, 801 (11th Cir. 1998) (quoting *Lassiter*, 28 F.3d at 1149.) The shield provided by qualified immunity is designed to protect all but the most brazen violators of a plaintiff's constitutional or statutory rights or those whose incompetence is without question from being held liable for a constitutional or statutory violation. *Lassiter*, 28 F.3d at 1149 ("Unless a government agent's act is so obviously wrong, in the light of preexisting law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor

has immunity from suit."). Defendants Merritt and Drennen enjoy qualified immunity from this lawsuit.

5.   This Court should dismiss Counts I and II of the Plaintiffs' complaint, because the Plaintiffs have failed to satisfy the heightened pleading standard for government officials sued in their individual capacity under 42 U.S.C. § 1983. The Eleventh Circuit requires that plaintiffs meet a heightened pleading standard when suing government officials in their individual capacity under 42 U.S.C. § 1983. "We stress at this point . . . that the heightened pleading requirement is the law of this circuit." *GJR Investments, Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1368 (11th Cir. 1998).

> The district court's error in finding an equal protection claim probably stemmed at least in part from the difficulty in deciphering GJR's complaint, which unfortunately is a classic example of what is referred to in this circuit as a shotgun pleading. The complaint presents scores of allegations regardless of their relevance and incorporates them in their entirety into several counts asserting discrete claims for relief, each of which contains several references to haphazardly described constitutional rights.

*Id.* (internal citations omitted). Applying the heightened pleading standard, the majority stated that "[t]he district court was too lenient with GJR's shotgun complaint; application of the heightened pleading standard is one way to deal summarily with pleadings of this kind." *Id.*

6.   In the instant case, the inadequacies of the Plaintiffs' complaint are bewildering. The fact that Merritt and Drennen assert qualified immunity further aggravates the Plaintiffs' failure to plead their

4

claims with specificity.  "Reading complaints with this level of indulgence [as the lower court did] is particularly troublesome when defendants raise the issue of qualified immunity."  *GJR Investments*, 132 F.3d at 1369.  "The defense [of qualified immunity] becomes useless if an official's motion to dismiss covers all claims reasonably apparent from a plaintiff's complaint, but the district court divines another claim by which the plaintiff may defeat qualified immunity."  *Id.*

   7. It is not the job of the defendants or this Court to divine from the complaint constitutional violations sufficient to support the Plaintiffs' claims.  *Id.* at 1368.  As it stands, the complaint falls woefully short of the pleading standards that the Eleventh Circuit demands in civil rights actions.  Therefore, this Court should dismiss Counts I and II of the Plaintiffs' complaint.

   8. In count I of their Complaint, the Plaintiffs allege that Merritt and Drennen violated their "right to equal protection."  The Plaintiffs' Complaint, however, does not state a claim upon which relief can be granted.  Accordingly, this Court should dismiss Count I of the Plaintiffs' Complaint.

   9. In count II of their Complaint, the Plaintiffs allege that Merritt and Drennen violated their "right to privacy as established by a penumbra of the First ten (10) amendments to the United States Constitution."  The Plaintiffs' Complaint, however, does not state a claim

upon which relief can be granted. Accordingly, this Court should dismiss Count II of the Plaintiffs' Complaint.

    10. In count I of their Complaint, the Plaintiffs' admit that the alleged harassment ended in July of 1998 when Defendant William Shelnutt's employment was terminated. Because Shellnutt no longer works for the College, injunctive relief against Defendant Merritt aimed at reigning in or stopping alleged violations by Defendant Shelnutt would be ineffective, fruitless and inappropriate. *See United States v. W. T. Grant Co.*, 345 U.S. 629 (1953) (*stating* that the "moving party must satisfy the court that [injunctive] relief is necessary. The necessary determination is that there exists some cognizable danger of recurrent violation, something more that the mere possibility which serves to keep the case alive."). Moreover, "[a]n injunction cannot be issued unless there is some likelihood that the conduct of which plaintiff complains will recur." Janowski v. International Brotherhood of Teamsters Local No. 710 Pension Fund, 673 F.2d 931, 940 (7th Cir.), cert. denied, 459 U.S. 858, 103 S.Ct. 130, 74 L.Ed.2d 112 (1982). See *EEOC v. Illinois Dep't of Rehabilitation Serv.*, 51 FEP 1741, 1743 (C.D. Ill. 1989) (injunction denied; there was no evidence of department-wide discrimination, and the individual responsible for discriminatory pay decisions was no longer employed.). Because Defendant Shelnutt is the only person alleged to have touched the Plaintiffs in an offensive manner, his departure has made it unreasonable to expect future alleged violations, thus making

injunctive relief unnecessary. Accordingly, this Court should dismiss the claims for injunctive relief against Merritt and Drennen.

11. For the reasons stated above, declaratory relief is equally inappropriate. 28 U.S.C. § 2201 (1982), echoing the "case or controversy" requirement of article III of the Constitution, provides that a declaratory judgment may only be issued in the case of an actual controversy. "The Plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred." *Emory v. Peeler*, 756 F.2d 1547, 1551 (11th Cir.1985) (citing *Ciudadanos Unidos de San Juan v. Hidalgo County Grand Jury Commissioners*, 622 F.2d 807, 821-822 (5th Cir.1980). "Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Emory v. Peeler*, 756 F.2d 1547, 1551 (11th Cir.1985) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)). "The remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments." *Emory v. Peeler*, 756 F.2d 1547, 1551 (11th Cir.1985) (citing *City of Los Angeles v. Lyons*, 461 U.S. at 103). Where, as here, the Defendant alleged to have committed the unlawful touching of the Plaintiffs, is no longer in the employ of the College and no ongoing harassment is alleged, there exists no future threat of injury to said Plaintiffs. Thus, there exists no case or controversy as to the claim for declaratory relief. Accordingly, this Court

should dismiss the claims for declaratory relief against Merritt and Drennen.

12. Finally, in light of the fact that Defendant Drennen has retired from service with the College it would be inappropriate to issue declaratory or injunctive relief against him. Accordingly, this Court should dismiss the claims for declaratory and injunctive relief against Drennen.

WHEREFORE, Defendants Dr. Judy Merritt and R. L. Drennen respectfully request that this Court dismiss the section 1983 claims against them in their official and individual capacities.

Respectfully Submitted,

BILL PRYOR
ATTORNEY GENERAL

ADDRESS OF COUNSEL:
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, Alabama 36130
(334) 242-7413

WILLIAM P. CLIFFORD (CLI015)
ASSISTANT ATTORNEY GENERAL
Attorney for Merritt & Drennen

**CERTIFICATE OF SERVICE**

    I hereby certify that I, this 18th day of January 2001, served a copy of the foregoing by first class mail, postage prepaid, upon:

JAMES M. WOOTEN
Wooten & Letine, P.C.
Suite 1212, 2000 First Avenue North
Birmingham, Alabama 35203
(205) 322-7707

                                                                           _____
                                                                           OF COUNSEL

DONNA EICH BROOKS
Gorham & Waldrep
Suite 700
2101 6th Avenue North
Birmingham, Alabama 35203